IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| DARREL R. FISHER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-00133-W-EFM-P |
| | ) | |
| WESTERN DISTRICT OF MISSOURI, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Darrel R. Fisher is a patient at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). He has filed this pro se case under 28 U.S.C. § 1331, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his federally protected rights by the Magistrate and District Judges of the United States District Court for the Western District of Missouri (the "Judges") as well as their Clerk of the Court Paige Wymore-Wynn ("Ms. Wymore-Wynn"). Doc. 1.

For the reasons stated below, Plaintiff is **GRANTED** provisional leave to proceed in forma pauperis ("IFP"), but the case is **DISMISSED WITHOUT PREJUDICE**.

### I. Procedural Background

The undersigned starts with the procedural background for this case because it frames Plaintiff's factual allegations as well as why the undersigned—the Chief Judge of the District of Kansas—is presiding in a Western District of Missouri case.

Plaintiff has a long litigation history in the Western District of Missouri. That history began in early 1999, when Plaintiff was criminally indicted for mailing threatening communications about various Missouri state court judges, prosecutors, and witnesses from a

separate state case.[1] On February 19, 1999, Magistrate Judge Robert E. Larsen held an initial hearing where he read Plaintiff the charges against him and appointed counsel.[2] A few months later and after Plaintiff's counsel had asked for a competency hearing, District Judge Ortrie Smith found that Plaintiff was not competent to stand trial.[3] As part of the parallel state case, the state court also found that Plaintiff was incompetent and committed him to the St. Joseph Mental Health Center in St. Joseph, Missouri.[4] He remained at this facility for the next nine years.[5]

On February 4, 2010, after several other hearings and orders, another competency hearing was conducted in federal court before Magistrate Judge Larsen.[6] He recommended that Plaintiff be found incompetent and be committed to the custody of the United States Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d).[7] District Judge Smith adopted that recommendation.[8]

Plaintiff was sent to FMC Butner for treatment and further evaluation.[9] On October 14, 2010, after further evaluations by medical professionals, District Judge Smith concluded that Plaintiff was not restorable to competency within a reasonable time and ordered further proceedings under 18 U.S.C. § 4246.[10] Those proceedings occurred in the United States District Court for the Eastern District of North Carolina, the district where FMC Butner is located. After

---

[1] *See United States v. Fisher*, No. 4:99-cr-00012-BCW, ECF No. 1 (W.D. Mo. Feb. 1, 1999).

[2] *Id.*, ECF No. 6.

[3] *Id.*, ECF No. 57 at 3.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 5.

[7] *Id.* at 9–10.

[8] *Id.*, ECF No. 58.

[9] *Id.*, ECF No. 62.

[10] *Id.* at 2.

another hearing, Senior District Judge W. Earl Britt from the Eastern District of North Carolina committed Plaintiff to FMC Butner because he was "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another."[11] The Fourth Circuit affirmed that determination.[12] Plaintiff is still committed to FMC Butner today.

Over the last fourteen years, Plaintiff has filed eleven § 1983 and/or *Bivens* lawsuits in the Western District of Missouri. Several of the early lawsuits challenged the actions of federal prosecutors as well as Judges Smith and Larsen's roles in judicially committing Plaintiff.[13] More recent lawsuits have challenged the handling of these prior lawsuits by certain judges from this District and Ms. Wymore-Wynn.[14] All prior civil lawsuits in this District have been dismissed under 28 U.S.C. § 1915(e)(2)(B) before service for being frivolous or malicious, for failure to state a claim, and/or for immunity reasons.[15]

Those dismissals set the stage for the current case and the undersigned's assignment. As outlined in more detail below, the complaint here broadly alleges that the Judges and Ms. Wymore-Wynn have committed various constitutional violations in how they adjudicated his criminal and

---

[11] *Id.*, ECF No. 63.

[12] *See United States v. Fisher*, 450 F. App'x 247 (4th Cir. 2011).

[13] *See Fisher v. Larsen*, No. 4:10-cv-00280-FJG-P, ECF No. 6, Order Dismissing Case (W.D. Mo. May 24, 2010); *Fisher v. Connor*, No. 4:18-cv-00521-ODS-P, ECF No. 9, Order Dismissing Case (W.D. Mo. Aug. 20, 2018); *Fisher v. Wimes*, No. 4:18-cv-00684-FJG-P, ECF No. 5, Order Dismissing Case (W.D. Mo. Sept. 24, 2018); *Fisher v. Larsen*, No. 4:23-cv-00511-FJG-P, ECF No. 3, Order Dismissing Case (W.D. Mo. Aug. 7, 2023); *Fisher v. Casey*, No. 4:23-cv-000733-FJG-P, ECF No. 3, Order Dismissing Case (W.D. Mo. Oct. 13, 2023).

[14] *See Fisher v. Wymore-Wynn*, No. 4:19-cv-00887-FJG-P, ECF No. 6, Order Dismissing Case (W.D. Mo. Jan. 2, 2020); *Fisher v. Gaitan*, No. 4:23-cv-00823-BP-P, ECF No. 3, Order Dismissing Case (W.D. Mo. Nov. 21, 2023).

[15] *See id.*; *see also Fisher v. J. Doe*, No. 4:18-cv-00604-ODS-P, ECF No. 6, Order Dismissing Case (W.D. Mo. Aug. 9, 2018); *Fisher v. J. Doe*, No. 4:23-cv-00684-FJG-P, ECF No. 3, Order Dismissing Case (W.D. Mo. Oct. 6, 2023); *Fisher v. United States*, No. 4:24-cv-00247-FJG-P, ECF No. 3, Order Dismissing Case (W.D. Mo. April 5, 2024); *Fisher v. Connor*, No. 4:24-cv-00032-BP-P, ECF No. 3, Order Dismissing Case (W.D. Mo. April 23, 2024).

3

civil cases.[16] The complaint was originally assigned to Chief Judge Beth Phillips. Since Plaintiff sued the entire Western District of Missouri bench, the Judges recused from the case.[17]

In the interest of justice and with the undersigned's consent, this case was then transferred to the undersigned as a visiting judge in this District.[18] This reassignment was consistent with Plaintiff's request that an "outside judge" preside over this case.[19] With that procedural foundation laid, the next section outlines the factual allegations in this case.

## II. Factual Background

The complaint and its attachment[20] are difficult to decipher because the allegations are sparse, unconnected, conclusory, and interspersed with legal citations and arguments. With that caveat noted, the undersigned distills the allegations as best he can below.

Although Plaintiff names the Western District of Missouri as the sole Defendant, his allegations make clear that he is suing the Judges and Ms. Wymore-Wynn individually. Against Judges Larsen and Smith, the complaint alleges that they kidnapped and falsely imprisoned him in 1999. This conclusory reference appears to be about his criminal case in this District in which

---

[16] ECF Nos. 1, 3.

[17] *See* 28 U.S.C. § 455(b)(5)(i) (a judge "shall disqualify" herself if she "is a party to the proceeding."); Code of Conduct for United States Judges, Canon 3C(1)(d)(i) (same); Committee on Codes of Conduct, *Disqualification Based on Harassing Claims Against Judge*, Advisory Opinion No. 103 (June 2009) ("When all sitting judges of a court are named as defendants in a civil action, each defendant judge is ordinarily required to recuse from hearing the case under Canon 3C(1)(d)(i) because they are parties to the case.").

[18] *See* ECF No. 4 (Order Transferring Case to the undersigned); *see also Hajny v. Harpool*, No. 4:16-cv-03505-CM, ECF No. 6, Order Transferring Case to District of Kansas Judge (W.D. Mo. Jan. 11, 2017); *In re Nettles*, 394 F.3d 1001, 1003 (7th Cir. 2005) (holding that the entire bench of the Northern District of Illinois was required to recuse from the case and the case was subsequently assigned to an out-of-circuit district judge); Committee on Codes of Conduct, *Disqualification Based on Harassing Claims Against Judge*, Advisory Opinion No. 103 (June 2009) (noting that when all judges in a district must recuse, then the "situation may be addressed by . . . arranging for a judge from another district, or judges from another circuit, to handle the matter.")

[19] ECF No. 1 at 3.

[20] After filing his complaint, Plaintiff filed another document which purports to add additional allegations. ECF No. 3. Given the required liberal construction for pro se filings, the undersigned treats this later statement (ECF No. 3) as a supplement to the complaint (ECF No. 1). *See Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (liberal construction required). The facts in this section are taken from these two documents.

Judges Larsen and Smith found Plaintiff to be incompetent to stand trial. Plaintiff also never allegedly received the indictment in that case. Plaintiff also specifically alleges that Chief Judge Phillips has a "long history of abusive behavior." As for the Judges generally, they allegedly dismissed all of Plaintiff's lawsuits and "not one was ever 'judged' by a judge conducting a trial between the parties."

The complaint alleges Ms. Wymore-Wynn committed several perceived wrongs in processing his cases. She failed to issue summonses before Plaintiff's prior cases were dismissed. She also improperly assigned cases to the Judges. Ms. Wymore-Wynn is also alleged to have failed to assign this case to a judge outside this District despite Plaintiff asking her to do so.

Giving a liberal construction to the complaint, it alleges (1) false imprisonment and malicious prosecution claims against Judges Larsen and Smith; (2) substantive and procedural due process claims against the Judges; and (3) substantive and procedural due process claims against Ms. Wymore-Wynn. For relief Plaintiff wants an outside judge appointed, the Judges to be served with process in this case, and $250,000,000 in damages.

### III. Legal Standard

Where, as here, the plaintiff seeks to proceed IFP under 28 U.S.C. § 1915, the court undertakes a two-step process.[21] The court first determines whether "the plaintiff qualifies by economic status" to proceed without the payment of fees and costs.[22] If so, the court allows the complaint to be filed and then screens it under 28 U.S.C. § 1915(e)(2)(B) to ensure that it is not subject to dismissal.[23]

On the second step, the court must "dismiss the complaint" if it is "frivolous or malicious,"

---

[21] *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).

[22] *Id.*

[23] *See id.*

5

"fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[24] A claim is frivolous if "it lacks an arguable basis either in fact or in law."[25] The term "frivolous" in this context "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[26]

When analyzing whether the complaint fails to state a claim, "a pro se complaint, even inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers, and can only be dismissed if the plaintiff fails to allege sufficient facts to state a facially plausible claim to relief."[27] In reviewing the complaint at this early stage, it "must be liberally construed,"[28] and the court gives the complaint the benefit of every doubt.[29]

This standard, however, does not excuse pro se complaints from alleging "sufficient facts to support the claims advanced."[30] "To determine whether a complaint states a facially plausible claim, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[31] "The factual allegations must be sufficient to 'raise a right to relief above the speculative level.'"[32]

The complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."[33] The plaintiff

---

[24] 28 U.S.C. 1915(e)(2)(B)(i)–(iii).

[25] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[26] *Id.*; *see also Wilson v. Johnston*, 68 F. App'x 761, 761 (8th Cir. 2003) (court may dismiss complaint proceeding IFP as "frivolous, and disregard clearly baseless, fanciful, fantastical, or delusional factual allegations").

[27] *Rinehart v. Weitzell*, 964 F.3d 684, 687–88 (8th Cir. 2020) (citations and quotations omitted).

[28] *Whitson*, 602 F.3d at 922 n.1.

[29] *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[30] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

[31] *Rinehart*, 964 F.3d at 687–88.

[32] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6

must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."[34] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[36]

In assessing whether the complaint states a claim, "[a] court generally may not consider materials outside the pleadings."[37] There is an exception for "materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings."[38] This exception extends to "matters of the public record, orders, items appearing in the record of the case, and exhibits attached to the complaint."[39]

### IV. Analysis

Plaintiff seeks to proceed IFP, so the undersigned proceeds under the two-step framework. Plaintiff satisfies the first step. He is a civilly committed person, so he is not subject to the provisions of the Prison Litigation Reform Act.[40] Moreover, Plaintiff's affidavit makes clear that he "qualifies by economic status" to proceed IFP.[41]

The analysis, thus, moves to the second step: whether plaintiff states a nonfrivolous and non-malicious claim against a nonimmune defendant. The undersigned first addresses the claims

---

[34] *Id.* at 679.

[35] *Id.* at 678.

[36] *Id.* at 679.

[37] *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).

[38] *Id.* (internal quotation marks omitted).

[39] *Id.* (internal quotation marks omitted).

[40] *See Fisher v. Connor*, No. 4:18-cv-0521-ODS-P, Doc. 9 (W.D. Mo. Aug. 20, 2018); *see also Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001).

[41] *Martin-Trigona*, 691 F.2d at 857.

7

against the Judges before turning to the claims against Ms. Wymore-Wynn.

## A. Claims Against The Judges

The complaint seeks to hold the Judges liable for their conduct in adjudicating Plaintiff's criminal case and subsequent civil cases. But these claims fail for many reasons.

As an initial matter, these claims are barred by judicial immunity. "A judge is immune from suit" except for (1) "'nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity'"; (2) "'actions, though judicial in nature,'" that are "'taken in complete absence of all jurisdiction.'"[42] On the first exception, "[a]n act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity."[43] On the second exception, "'[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'"[44] It is also true that "an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction."[45]

The Judges are all immune. The complaint makes clear that Plaintiff is solely challenging covered judicial actions that were taken with jurisdiction. Judge Larsen and Smith's competency and commitment orders in his criminal case are judicial actions that federal statutes required them to undertake.[46] The same can be said for Plaintiff's civil lawsuits: the Judges were required to entertain and then dismiss his civil lawsuits brought under *Bivens* and § 1983 because they failed

---

[42] *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

[43] *Id.* (quotation marks omitted).

[44] *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

[45] *Mireles*, 502 U.S. at 13.

[46] *See* 18 U.S.C. §§ 4241, 4246.

to state a claim, were frivolous or malicious, and/or sought relief from immune parties.[47] Thus, the Judges are immune from suit here.

Even if judicial immunity did not apply and assuming that the claims would be cognizable under *Bivens* and its progeny,[48] the complaint fails to state claim against the Judges for several reasons. First, the claims consist of nothing more than conclusory statements and legal conclusions.[49] Second, the claims about not receiving the indictment are plainly contradicted by the court records from his case showing he was read the charges.[50] Third, the claims about false imprisonment and malicious prosecution would be *Heck*-barred because success on those claims would necessarily imply the invalidity of his civil commitment.[51] Fourth, the due process claims for how his civil cases were dismissed before trial fail because he has not alleged a protected life, liberty, or property interest in having his case proceed beyond summary dismissal.[52]

Because the Judges are immune from liability, and even if they were not, the complaint

---

[47] *See* 28 U.S.C. § 1331; 28 U.S.C. § 1915(e)(2)(B).

[48] This second assumption seems shaky because the claims here are so dissimilar to the three narrow circumstances in which *Bivens* claims have arisen. *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (noting that "recognizing a cause of action under *Bivens* is a disfavored judicial activity." (internal quotation marks omitted)).

[49] *See Iqbal*, 556 U.S. at 678.

[50] *See United States v. Fisher*, No. 99-cr-00012-BCW, ECF No. 6 (W.D. Mo. Feb. 19, 1999); *Zean v. Fairview Health Servs.*, 858 F.3d 520, 527 (8th Cir. 2017) (holding that court could consider embraced exhibits that contradicted the complaint allegations); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.").

[51] *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (determining that a plaintiff's claim for damages under § 1983 is not cognizable if it would undermine the validity of his criminal conviction); *see also Brennan v. Cass Cnty. Health, Hum. & Veteran Servs.*, 93 F.4th 1097, 1101 (8th Cir. 2024) (noting that *Heck* applies to claims challenging civil commitment orders); *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 133 (5th Cir. 2020) (applying *Heck* to *Bivens* claim); *Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished per curiam) (applying *Heck* to *Bivens* claim).

[52] *Mulvenon v. Greenwood*, 643 F.3d 653, 657–59 (8th Cir. 2011) (substantive and procedural due process claims require plaintiff to possess a "protected life, liberty, or property interest."); *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."); *Brunswick Corp. v. McNabola*, No. 16-CV-11414, 2017 WL 3008279, at *5 (N.D. Ill. July 14, 2017) (right to rial "is not a protected property or liberty interest in and of itself").

9

fails to state any claims against them, the claims against the Judges are dismissed.

## B. Claims Against Ms. Wymore-Wynn

The complaint challenges how Ms. Wymore-Wynn processed Plaintiff's cases. Like the claims against the Judges, these claims also fail on multiple grounds.

As an initial matter, the allegations implicate the doctrine of quasi-judicial immunity. "For court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules."[53] Much like judicial immunity, the court clerk does not lose the protection of immunity simply because "the action [s]he took was in error . . . or was in excess of [her] authority."[54]

Here, the alleged wrongs about how cases are assigned and when summonses are issued fall squarely within quasi-judicial immunity because Ms. Wymore-Wynn performed them according to a court rule or at a judge's direction. The Western District of Missouri Local Rules directly control how cases are initially assigned or re-assigned.[55] And in cases where a judge has a conflict, like this one, the presiding judge orders the Clerk of the Court to reassign the case.[56] And in accordance with the two-step screening process for IFP cases, the Clerk of the Court does not issue a summons until after the presiding judge *orders* her to do so in the initial screening order under 28 U.S.C. § 1915(e)(2)(B).[57] Since Ms. Wymore-Wynn enjoys quasi-judicial immunity for her alleged actions and inactions, the claims against her are barred.

---

[53] *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 929 (8th Cir. 2020).

[54] *Martin v. Hendren*, 127 F.3d 720, 722 (8th Cir. 1997) (quoting *Mireles*, 502 U.S. at 12–13).

[55] *See* W.D.M.O Local Rule 83.9, Assignment of Cases.

[56] *See Hajny*, No. 4:16-cv-03505-CM, ECF No. 6.

[57] *See, e.g., Dennis v. Peace of Mind*, No. 4:20-cv-00422-HFS, 2020 WL 12676381, at *2 (W.D. Mo. June 4, 2020) (ordering Clerk of Court to issue the summons and process)*; Tinner v. Pat Grace*, No. 4:18-cv-00238-BCW, 2018 WL 10014513, at *1 (W.D. Mo. Aug. 17, 2018) (same); *Kelly-Leppert v. United States*, No. 4:18-cv-0089-BP, 2018 WL 9868592, at *1 (W.D. Mo. Feb. 9, 2018) (same).

Even if quasi-judicial immunity did not apply and assuming that the claims would be cognizable under *Bivens* and its progeny,[58] Plaintiff still fails to state a procedural or substantive due process claim against Ms. Wymore-Wynn. Like the due process claims against the Judges, Plaintiff has failed to allege that he has a protected life, liberty, or property interest in how a case is assigned or when a summons is issued.[59] Thus, even if Ms. Wymore-Wynn was not immune from these claims, they still would be dismissed.

Because Ms. Wymore-Wynn is immune from liability, and even if she were not, the complaint fails to state any claims against her, the claims against her are dismissed.

## V. Conclusion

For the foregoing reasons, Plaintiff is **GRANTED** provisional leave to proceed IFP.

**IT IS FURTHER ORDERED** that this case is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ERIC F. MELGREN, JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Dated: May 1, 2024

---

[58] This second assumption seems shaky because the claims here are so dissimilar to the three narrow circumstances in which *Bivens* claims have arisen. *See Egbert*, 596 U.S. at 491.

[59] *See Mulvenon*, 643 F.3d at 657; *Olim*, 461 U.S. at 250.